**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARUCH SCHWARTZ,<br><br>Plaintiff,<br><br>vs.<br><br>RUSH RUBBISH REMOVAL LLC,<br>JACOB LANDAU, AND<br>AND ISRAEL REISMAN<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Baruch Schwartz ("Plaintiff") by and through his attorneys, Mizrahi Kroub LLP, as and for his complaint against Defendant Rush Rubbish Removal LLC ("Rush Rubbish," or the "Company"), and owners Jacob Landau and Israel Reisman ("Defendant Landau," "Defendant Reisman," or collectively with the Company, "Defendants") hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This action is brought by Plaintiff under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for Defendants' failure to pay Plaintiff unpaid wages, including minimum wages and overtime, and for retaliating against Plaintiff for asserting his wage-related rights.

2. This action is further maintained pursuant to New York Labor Law (NYLL) and regulations promulgated thereunder, including NYLL §§ 190 *et seq*., 215, 650 *et seq*., and 663, and 12 New York Codes, Rules, and Regulations (NYCRR), for Defendants' failure to pay minimum wages, overtime, spread of hours compensation, and wages due in a timely manner, including upon termination; for unlawful wage deductions; for failure to provide wage notices

and statements under NYLL § 195(1) and § 195(3); and for retaliation and creating a hostile work environment in response to Plaintiff's wage complaints.

3. Plaintiff also brings common-law claims for breach of contract and intentional infliction of emotional distress arising from Defendants' failure to honor employment agreements and their extreme and outrageous conduct.

4. Plaintiff seeks recovery of unpaid minimum wages, overtime compensation, spread of hours wages, and other unpaid wages, along with liquidated damages, prejudgment interest, statutory damages, compensatory damages for emotional distress, punitive damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's New York State law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because each of them are domiciled within the State of New York.

7. Venue is proper in the Eastern District of New York because many of the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

8. Plaintiff is a former employee of Defendants.

9. Plaintiff is domiciled in Brooklyn, New York.

10. Rush Rubbish Removal LLC is an employer organized under the laws of the State of New York with its principal place of business in Brooklyn, New York.

11. Defendant Landau and Defendant Resiman are the owners of Rush Rubbish Removal LLC.

12. Defendant Landau and Defendant Resiman are individuals domiciled in Brooklyn, New York.

**FACTUAL ALLEGATIONS**

13. Plaintiff began working for Skyward Developers in February 2023 as a Regional Manager for Out-of-State Property Management.

14. Skyward Developers was owned and operated by Defendant Jacob Landau and his business partner, Joel Mittleman.

15. Skyward Developers had multiple subsidiaries, including Rush Rubbish LLC, Skyward Developers GC, Eagle Eye, and Buildex Group.

16. In August 2023, due to Skyward Developers' ongoing financial difficulties, safety concerns, and failure to pay bills on time, Plaintiff ceased traveling out of state for work.

17. Toward the end of August 2023, Plaintiff met with Defendant Jacob Landau and Defendant Joel Mittelman to discuss future plans.

18. During the meeting, Defendant Jacob Landau offered Plaintiff a position at Rush Rubbish Removal LLC, a sister company of Skyward Developers, stating that he was partners with Defendant Reisman in Rush Rubbish, that Reisman runs the company, and that he would reach out to Reisman, who would then contact Plaintiff.

19. That evening, Defendant Reisman reached out to Plaintiff, and a day later, they met to discuss the job responsibilities and requirements.

20. Plaintiff began working for Rush Rubbish on September 1, 2023.

21. Plaintiff remained employed with Rush Rubbish until January 5, 2024, a period of exactly 18 weeks.

22. Plaintiff was hired by Defendant Landau and Defendant Reisman, the owners of Rush Rubbish.

23. At the time of hiring, Defendant Reisman informed Plaintiff that his hours would be 7:00 a.m. to 4:00 p.m., including a one-hour lunch break, and that he would be compensated at a rate of $1,500.00 per week.

24. Defendant Reisman also informed Plaintiff that his duties would include scheduling dump trucks for various job sites and overseeing the rubbish removal crew and necessary resources.

25. Shortly after starting his employment, Plaintiff raised concerns with Defendant Reisman about not receiving his pay on time.

26. Defendant Reisman assured Plaintiff that he would be paid, but failed to fulfill that promise.

27. Plaintiff continued to face repeated payment delays and issues throughout the duration of his employment.

28. In late October 2023, due to Defendant Reisman's failure to resolve the matter, Plaintiff began contacting Defendant Landau directly regarding his unpaid wages.

29. Throughout his employment with Rush Rubbish, Plaintiff was not paid minimum wage or overtime compensation.

30. Plaintiff was never provided with wage notices or pay stubs as required by law.

31. As time progressed, Plaintiff's workload increased significantly.

32. Plaintiff was assigned to manage more job sites and was subjected to excessive work hours.

33. Monday through Thursday, Plaintiff hours varied.

34. Monday through Thursday, Plaintiff began work at 7:00 a.m. and worked anywhere until 7:00 p.m. to 11:00 p.m.

35. On Fridays, Plaintiff worked from 7:00 a.m. to approximately 4:00 p.m.

36. In addition to weekdays, Plaintiff worked on Sundays and holidays.

37. Plaintiff did not receive the "spread of hours" pay of one additional hour at the minimum wage rate for the days in which he worked 10 or more hours.

38. Plaintiff was required to personally clean buildings, despite that task being outside the scope of his original responsibilities.

39. Plaintiff was not provided with any meal or rest breaks.

40. Plaintiff was not compensated for the extended hours or additional duties he performed.

41. Despite working beyond his agreed schedule, Plaintiff did not receive a paycheck for the additional labor.

42. Plaintiff repeatedly requested meetings with Defendant Landau and Defendant Reisman to discuss his unpaid wages, but such meetings were never held.

43. The excessive workload and unpaid labor took a toll on Plaintiff's physical and mental health.

44. Plaintiff was promised a company vehicle with full coverage for gas and tolls.

45. Despite this promise, Plaintiff never received the company vehicle.

46. After one month of employment, Plaintiff returned his personal vehicle due to the financial burden of fuel and tolls.

47. Plaintiff was forced to rely on public transportation and often traveled on foot to multiple job sites, incurring personal expenses.

48. Defendant Reisman repeatedly promised to schedule a meeting with Plaintiff to address his concerns and ensure his satisfaction at work.

49. These promises were consistently broken.

50. In late December 2023, Defendant Landau and Defendant Reisman promised Plaintiff they would create a payment plan to resolve the outstanding wages owed to him.

51. Defendant Landau and Defendant Reisman further assured Plaintiff that he would begin receiving weekly payments moving forward.

52. Plaintiff expressed his concerns and frustration to Defendant Landau and Defendant Reisman, stating that he could not continue working under such uncertain conditions.

53. In retaliation for speaking out against Defendants' illegal pay practices, Defendants told Plaintiff: "we can't afford you," and terminated his employment.

54. Upon terminating Plaintiff's employment, Defendants issued a check to Plaintiff for $3,700.00, covering two weeks' wages and a $700.00 reimbursement for out-of-pocket expenses Plaintiff incurred for garbage bags and a flat tire repair on one of Defendants' trucks.

55. Plaintiff received only one payment in total during his employment with Defendants, despite his 18-week tenure.

56. Defendants failed to honor their prior promises of creating a payment plan for the outstanding wages owed and failed to provide the assured weekly payments moving forward.

57. Following his termination, Plaintiff contacted Defendant Reisman regarding the remaining 16 weeks of unpaid wages.

58. Defendant Landau and Defendant Reisman initially stated they would set up a payment plan to address the unpaid wages.

59. Defendant Reisman later denied any outstanding debt and claimed Plaintiff had been paid in full.

60. Plaintiff never received any of the employment benefits he was promised while working for the company.

61. After splitting with Joel Mittleman and attempting to shift blame to him, Defendant Reisman claimed he had a deal with Mittleman that Skyward Developers would pay Plaintiff, to which Plaintiff responded that he never had any such deal with anyone.

62. Defendant Landau and Defendant Reisman have attempted to shift blame to Defendant Landau's former partner, Joel Mittleman, who is currently involved in litigation concerning the ownership of Skyward Developers.

63. Defendant Landau and Defendant Reisman appear to be attempting to hold Mr. Mittleman liable for the wages owed to Plaintiff.

64. Throughout his employment, Plaintiff experienced a hostile work environment due to Defendant Reisman's consistent last-minute changes to work assignments, cancellation of promised meetings, and unpredictable expectations, such as requiring Plaintiff to deliver workers' payroll late at night across the five boroughs of New York City.

65. As part of his responsibilities, Plaintiff was tasked with distributing checks and bonuses to laborers, which heightened his frustration and sense of unfairness as he himself received no compensation for his work.

66. Plaintiff sent multiple text messages to Defendant Landau, expressing his exhaustion from working 14-hour days without overtime or bonuses, pleading for his unpaid wages, and noting that he felt "drained" and "stupid for asking for money." These messages included statements such as, "I'm just being dragged around i am drained," and "The money is just adding up and nothing is happening."

67. Plaintiff maintained an Excel sheet documenting all conversations with Defendant Landau and Defendant Reisman regarding pay and meeting requests, from the date of his hire on September 1, 2023, to his termination on January 5, 2024.

68. During the late December 2023 meeting at the new office located at 791 Kent Ave., Brooklyn, New York, Defendant Landau and Defendant Reisman informed Plaintiff that they had parted ways with Joel Mittleman and clarified that Mittleman was never a partner in Rush Rubbish or Eagle Eye, but only with Skyward Developers.

69. During this meeting, Defendant Reisman explicitly stated that Plaintiff's payroll was supposed to be handled by Skyward Developers, as part of an arrangement where Skyward Developers would cover his wages, in an attempt to shift responsibility for the unpaid wages to Mittleman and Skyward Developers.

**AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Minimum Wage Violations: Fair Labor Standards Act)**

70. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

71. The Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, requires employers to pay employees a minimum wage of at least $7.25 per hour for all hours worked.

72. During his employment with Rush Rubbish Removal LLC, Plaintiff was not paid any wages for 16 weeks of work, which constitutes a failure to pay the federal minimum wage for the hours he worked.

73. Defendant Landau and Defendant Reisman's failure to pay Plaintiff the federal minimum wage was willful, as they were aware of his work hours and compensation obligations yet failed to provide any payment.

74. As a result of Defendant Landau and Defendant Reisman's violations of the FLSA, Plaintiff is entitled to recover unpaid minimum wages in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Overtime Violations: Federal Labor Standards Act)**

75. Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

76. At all relevant times, Defendants have been, and continue to be, "employers" engaged in the interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

77. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff.

78. At all relevant times, Rush Rubbish has had gross operating revenues in excess of $500,000.00 and satisfies the threshold test for the "enterprise" requirement under the FLSA.

79. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

80. Defendants failed to pay Plaintiff the required overtime premium for all hours worked in excess of forty in a workweek.

81. Defendants' violations of the FLSA were willful, as evidenced by Defendants' failure to pay any wage at all.

82. Despite Defendants' knowledge of Plaintiff's extended work hours and direct involvement in assigning these tasks, Defendants failed to compensate Plaintiff for any of the hours worked over 40 per week at the legally required overtime rate of one and one-half times his regular rate of pay, in violation of 29 U.S.C. § 207(a)(1).

83. As a result of Defendants' violations of the FLSA, Plaintiff has been injured and is entitled to damages for unpaid overtime, liquidated damages and attorneys' fees costs, disbursements and interest thereon.

**AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Minimum wage violations: New York Labor Law)**

84. Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

85. Title 12 NYCRR § 142-2.1 states that in New York City for large employers of eleven or more employees, "(a) [t]he basic minimum hourly rate shall be . . . $15.00 per hour on and after December 31, 2018, $16.00 per hour on and after January 1, 2024."

86. NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

87. At all relevant times to this action, Plaintiff was Defendant Landau and Defendant Reisman's employee within the meaning of NYLL § 190(2) and § 651(5) and 12 NYCRR § 142-2.14.

88. At all relevant times to this action, Defendant Landau and Defendant Reisman were the employers of Plaintiff within the meaning of NYLL § 190(3) and § 651(6).

89. For the majority of the time relevant to this action, Defendant Landau and Defendant Reisman failed to pay Plaintiff the statutory minimum wage, in violation of NYLL § 652 and 12 NYCRR § 142-2.1.

90. Defendant Landau and Defendant Reisman willfully violated the rights of Plaintiff by failing to pay wages due and owing for work performed in violation of New York State Labor Law.

91. Due to Defendant Landau and Defendant Reisman's NYLL violations, Plaintiff is entitled to recover from Defendant Landau and Defendant Reisman his unpaid minimum wages, in an amount to be determined at trial, plus liquidated damages, prejudgment interest, attorneys' fees and costs pursuant to NYLL § 190 *et seq*., and § 650 *et seq*.

**AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Overtime Violations: New York Labor Law)**

92. Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

93. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for

94. overtime at a wage rate of one and one-half times the employee's regular rate."

95. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil

action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

96. During the course of his employment, Plaintiff regularly worked in excess of forty (40) hours per week.

97. Plaintiff was required to do responsibilities outside of his job description and was never offered any additional pay.

98. Because of the additional job duties, Plaintiff was required to work weekends and work more than 40 hours per week.

99. Defendant Landau and Defendant Reisman's failure to pay wages and overtime compensation to Plaintiff for work performed after the first 40 hours worked in a week was willful.

100. By the foregoing reasons, Defendant Landau and Defendant Reisman have violated NYLL § 663 and 12 NYCRR §142-2.2 and is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**AS AND FOR A FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Failure to Pay Timely Wages: New York Labor Law)**

101. Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

102. Pursuant to Labor Law§ 193(1), "No employer shall make any deduction from the wages of an employee," such as Plaintiff, that is not otherwise authorized by law or by the employee.

103. Pursuant to NYLL § 193 and the cases interpreting same, Defendant Landau and Defendant Reisman made unlawful deductions in wages owed to Plaintiff.

104. Defendant Landau and Defendant Reisman's failure to comply with the NYLL caused Plaintiff to suffer loss of wages and interest thereon.

105. Defendant Landau and Defendant Reisman’s failure to comply with the NYLL was willful.

106. Due to Defendant Landau and Defendant Reisman's violations of the NYLL, Plaintiff is entitled to recover from Defendant Landau and Defendant Reisman their unpaid wages, pre-judgment interest, attorneys' fees and costs.

**AS AND FOR A SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Failure to Provide Wage Notice: New York Labor Law)**

107. Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

108. New York Labor Law § 195(1) requires employers to provide each employee, at the time of hiring, with a written notice containing: (i) the rate or rates of pay and basis thereof (e.g., hourly, salary, commission); (ii) the regular payday; (iii) the name of the employer; (iv) the physical address of the employer’s main office or principal place of business; (v) the telephone number of the employer; and (vi) any allowances claimed as part of the minimum wage (e.g., tips, meals, lodging).

109. Defendant Landau and Defendant Reisman failed to provide Plaintiff with a written wage notice at the time of hire, or at any time during his employment, as required by NYLL § 195(1).

110. Plaintiff was not informed in writing of his rate of pay, method of payment, regular payday, or the employer’s name and contact information, nor were any statutory allowances itemized, despite his employment with Rush Rubbish from September 1, 2023, to January 5, 2024.

111. This failure occurred despite Plaintiff working under the direction and control of Defendant Landau and Defendant Reisman, performing services at their job sites, and regularly communicating with them regarding his compensation and responsibilities.

112. Defendant Landau and Defendant Reisman's failure to provide the required wage notice was knowing and willful, particularly in light of their ongoing refusal to pay wages and address compensation-related concerns raised by Plaintiff.

113. As a result of Defendant Landau and Defendant Reisman's violation of NYLL § 195(1), Plaintiff is entitled to recover statutory damages of $50.00 for each workday the violation occurred, up to a maximum of $5,000.00, plus reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

**AS AND FOR A SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Failure to Provide Wage Statements: New York Labor Law)**

114.

115. Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

116. New York Labor Law § 195(3) requires employers to provide employees with accurate wage statements during each pay period, including the rates of pay, the number of regular and overtime hours worked, and any deductions or allowances.

117. Defendant Landau and Defendant Reisman failed to furnish Plaintiff with any wage statements, accurate or otherwise, during his employment with Rush Rubbish, in violation of NYLL § 195(3).

118. Plaintiff was not provided with documentation reflecting his hours worked, rates of pay, or any overtime compensation, despite regularly working in excess of forty hours per week and being entitled to such compensation.

119. Defendant Landau and Defendant Reisman's failure to provide accurate wage statements was knowing and willful, as they were aware of Plaintiff's extended work hours and unpaid wages yet failed to comply with statutory requirements.

120. As a result of Defendant Landau and Defendant Reisman's violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages of $250.00 for each workday the violation occurred, up to a maximum of $5,000.00, plus reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**AS AND FOR A EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Unlawful Deductions: New York Labor Law)**

121. Plaintiff realleges and incorporates by reference all allegations contained in the preceding paragraphs as if fully set forth herein.

122. Pursuant to Labor Law § 193(1), "No employer shall make any deduction from the wages of an employee," such as Plaintiff, that is not otherwise authorized by law or by the employee.

123. Defendant Landau and Defendant Reisman agreed to compensate Plaintiff at a weekly rate of $1,500.00 for his work and further promised to provide a company vehicle, including gas and toll coverage, as part of his employment.

124. Plaintiff performed work for the benefit of Defendant Landau and Defendant Reisman for 18 weeks, yet for 16 of those weeks, Defendant Landau and Defendant Reisman failed to pay him any portion of the agreed-upon compensation during this time.

125. By failing to pay Plaintiff his earned wages, and by requiring him to bear the cost of work-related transportation expenses, Defendant Landau and Defendant Reisman effectively imposed unlawful deductions on Plaintiff's wages in violation of New York Labor Law § 193.

126. Defendant Landau and Defendant Reisman's failure to compensate Plaintiff and imposition of unreimbursed costs on him were not only unlawful but done knowingly and willfully.

127. Due to Defendant Landau and Defendant Reisman's violations of the NYLL, Plaintiff is entitled to recover from Defendant Landau and Defendant Reisman their unpaid wages, pre-judgment interest, attorneys' fees and costs.

**AS AND FOR A NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Failure to Pay Wages Due Upon Termination)**

128. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

129. New York Labor Law § 191 requires that employers pay all earned wages to employees in a timely manner. When an employee is terminated, New York Labor Law § 191(3) mandates that the employee's final wages be paid no later than the regular payday for the pay period during which the termination occurred.

130. New York Labor Law § 198(1-a) provides a private right of action for the recovery of unpaid wages and authorizes the award of liquidated damages, prejudgment interest, and attorneys' fees.

131. Plaintiff performed work for the benefit of Defendant Landau and Defendant Reisman for a period of eighteen (18) weeks, during which Plaintiff regularly performed job duties as agreed upon by the parties.

132. Despite Plaintiff's completion of all assigned work and duties, Defendant Landau and Defendant Reisman failed to pay Plaintiff any portion of the agreed-upon compensation for 16 weeks.

133. Plaintiff was terminated from employment on or about January 5, 2024, and Defendants failed to tender any of the wages owed at the time of termination, nor did they pay Plaintiff by the next regular payday, in violation of New York Labor Law § 191(3).

134. Defendant Landau and Defendant Reisman's failure to pay earned wages was knowing and willful.

135. As a direct result of Defendant Landau and Defendant Reisman's unlawful conduct, Plaintiff has suffered damages and is entitled to recover the full amount of unpaid wages plus liquidated damages.

136. To the extent Plaintiff's unpaid wages include overtime or minimum wage violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., Plaintiff also seeks recovery under federal law, including liquidated damages and attorneys' fees as permitted by the FLSA.

**AS AND FOR A TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Breach of Contract)**

137. At all relevant times, Defendant Reisman employed Plaintiff and agreed to compensate him at a rate of $1,500.00 per week.

138. Plaintiff performed work for the benefit of Defendant Landau and Defendant Reisman at various job sites.

139. Defendant Landau and Defendant Reisman also promised Plaintiff the use of a company vehicle with full coverage for fuel and tolls as part of the terms and conditions of his employment.

140. Based on this promise, Plaintiff returned his personal vehicle and relied on Defendant Landau and Defendant Reisman's representation that transportation would be provided.

141. Despite these promises and Plaintiff's performance, Defendant Landau and Defendant Reisman failed to pay Plaintiff the agreed-upon weekly wages of $1,500.00.

142. Plaintiff incurred personal expenses due to the lack of a company vehicle, as he was forced to use public transportation and travel on foot to reach job sites.

143. Additionally, Plaintiff was promised compensation for prior work performed at Skyward Developers, which has not been paid to date.

144. Defendant Landau and Defendant Reisman's actions constitute a failure to pay earned wages in violation of applicable wage and hour laws, including but not limited to [insert relevant statutes, such as New York Labor Law §§ 190, 191.

145. As a direct and proximate result of Defendant Landau and Defendant Reisman's failure to pay wages and provide agreed-upon employment benefits, Plaintiff has suffered economic damages, including unpaid wages, out-of-pocket transportation costs, and other consequential losses, in an amount to be proven at trial.

**AS AND FOR AN ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Retaliation: New York Labor Law)**

146. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

147. New York Labor Law § 215 makes it unlawful for an employer to discharge, threaten, penalize, or in any other manner retaliate against an employee because that employee has complained about or attempted to enforce rights related to wages.

148. Plaintiff performed work for the benefit of Defendant Landau and Defendant Reisman over a period of 18 weeks and was not paid any of the agreed-upon compensation.

149. Plaintiff, in good faith, requested payment of the unpaid wages from Defendant Landau and Defendant Reisman, both verbally and in writing, and thereby engaged in protected activity under New York Labor Law.

150. Shortly after making these requests, Plaintiff was terminated from his employment by Defendant Landau and Defendant Reisman.

151. Defendant Landau and Defendant Reisman's termination of Plaintiff was directly motivated by Plaintiff's complaints regarding unpaid wages, and was done with the intent to retaliate against him for asserting his legal rights.

152. As a result of this unlawful retaliation, Plaintiff has suffered lost wages, emotional distress, reputational harm, and other damages.

153. Plaintiff is entitled to all remedies available under New York Labor Law § 215, including but not limited to: Lost wages and benefits; Liquidated damages; Compensatory and emotional distress damages; Reasonable attorneys' fees and costs; Any other relief deemed just and proper by the Court.

**AS AND FOR A TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Retaliation: Fair Labor Standards Act)**

154. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

155. The Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3), prohibits employers from discharging or discriminating against an employee for engaging in protected activity, including filing a complaint or asserting a right under the Act.

156. Plaintiff performed work for the benefit of Defendant Landau and Defendant Reisman over a period of 18 weeks and was not paid any of the agreed-upon compensation.

157. Plaintiff, in good faith, requested payment of the unpaid wages from Defendant Landau and Defendant Reisman, both verbally and in writing, and thereby engaged in protected activity under the FLSA.

158. Shortly after making these requests, Plaintiff was terminated from his employment by Defendant Landau and Defendant Reisman.

159. Defendant Landau and Defendant Reisman's termination of Plaintiff was directly motivated by Plaintiff's complaints regarding unpaid wages, and was done with the intent to retaliate against him for asserting his legal rights.

160. As a result of this unlawful retaliation, Plaintiff has suffered lost wages, emotional distress, reputational harm, and other damages.

161. Plaintiff is entitled to all remedies available under the FLSA, including but not limited to: Lost wages and benefits; Liquidated damages; Compensatory and emotional distress damages; Reasonable attorneys' fees and costs; Any other relief deemed just and proper by the Court.

**AS AND FOR A THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Hostile Work Environment: New York Labor Law)**

162. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

163. New York Labor Law § 215 prohibits employers from penalizing or discriminating against an employee for engaging in protected activity, such as complaining about wage violations, and such actions can contribute to a hostile work environment when they create an intimidating or abusive workplace.

164. Throughout his employment, Plaintiff was subjected to a hostile work environment by Defendant Landau and Defendant Reisman, who engaged in a pattern of conduct

including consistent last-minute changes to work assignments, cancellation of promised meetings, and unpredictable expectations, such as requiring Plaintiff to deliver workers' payroll late at night across the five boroughs of New York City.

165. Defendant Reisman's repeated failure to honor promises to meet with Plaintiff to address his concerns about unpaid wages and workplace conditions further contributed to an intimidating and abusive work environment.

166. This hostile work environment was exacerbated by Plaintiff's responsibility to distribute checks and bonuses to laborers while receiving no compensation himself, which caused significant frustration and a sense of unfairness.

167. Defendant Landau and Defendant Reisman's actions were willful and done with the intent to frustrate and demoralize Plaintiff, particularly in response to his complaints about unpaid wages.

168. As a direct result of Defendant Landau and Defendant Reisman's creation of a hostile work environment, Plaintiff suffered emotional distress, mental anguish, and physical health impacts, as well as economic damages due to unpaid wages.

169. Plaintiff is entitled to recover compensatory damages for emotional distress, economic damages, reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper pursuant to New York Labor Law.

**AS AND FOR A FOURTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Spread of Hours Violations: New York Labor Law)**

170. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

171. Pursuant to 12 NYCRR § 142-2.4, an employer shall pay an employee, who works a spread of hours exceeding ten hours in a workday, an additional hour of pay at the basic minimum hourly wage rate for each such day.

172. During his employment with Rush Rubbish, Plaintiff regularly worked a spread of hours exceeding ten hours per day, particularly on Monday through Thursday, when he began work at 7:00 a.m. and worked until 7:00 p.m. to 11:00 p.m.

173. Defendant Landau and Defendant Reisman failed to pay Plaintiff the additional hour of pay at the minimum wage rate for each workday in which his spread of hours exceeded ten hours, in violation of 12 NYCRR § 142-2.4.

174. Defendant Landau and Defendant Reisman's failure to pay spread of hours compensation was willful and intentional.

175. As a result of Defendant Landau and Defendant Reisman's violations of 12 NYCRR § 142-2.4, Plaintiff is entitled to recover the unpaid spread of hours wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs pursuant to NYLL § 663 and § 198.

**AS AND FOR A FIFTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Intentional Infliction of Emotional Distress)**

176. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

177. Defendant Landau and Defendant Reisman engaged in extreme and outrageous conduct by subjecting Plaintiff to a hostile work environment, repeatedly failing to pay his earned wages, imposing excessive and unreasonable work demands, and terminating him in retaliation for his complaints about unpaid wages.

178. Such conduct included, but was not limited to, requiring Plaintiff to work 14-hour days without breaks or overtime compensation, assigning tasks outside his job description, such as cleaning buildings, and forcing him to incur personal transportation expenses after failing to provide a promised company vehicle.

179. Defendant Reisman's consistent cancellation of promised meetings and vague assurances, coupled with Defendant Landau's unfulfilled promises of payment, were intended to cause, or recklessly disregarded the likelihood of causing, severe emotional distress to Plaintiff.

180. Plaintiff's text messages to Defendant Landau, expressing that he was "drained," "stupid for asking for money," and unable to continue under such conditions, demonstrate the severe emotional toll of the defendants' actions.

181. As a direct and proximate result of Defendant Landau and Defendant Reisman's extreme and outrageous conduct, Plaintiff suffered severe emotional distress, mental anguish, and physical health impacts.

182. Defendant Landau and Defendant Reisman's conduct was willful, intentional, and undertaken with reckless disregard for Plaintiff's rights and well-being.

183. Plaintiff is entitled to recover compensatory damages for emotional distress, punitive damages, reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant Landau and Defendant Reisman, containing the following relief:

A. On the First Cause of Action (FLSA Minimum Wage), unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs;

B. On the Second Cause of Action (FLSA Overtime), unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest;

C. On the Third Cause of Action (NYLL Minimum Wage), unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs;

D. On the Fourth Cause of Action (NYLL Overtime), unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs;;

E. On the Fifth Cause of Action (NYLL Timely Wages), unpaid wages, interest, attorneys' fees, and costs;

F. On the Sixth Cause of Action (NYLL § 195(1) Wage Notice), statutory damages up to $5,000, attorneys' fees, and costs;;

G. On the Seventh Cause of Action (NYLL § 195(3) Wage Statements), statutory damages up to $5,000, attorneys' fees, and costs;

H. On the Eighth Cause of Action (NYLL Unlawful Deductions), unpaid wages, interest, attorneys' fees, and costs;

I. On the Ninth Cause of Action (NYLL Wages Upon Termination), unpaid wages, liquidated damages, attorneys' fees, costs, and interest;

J. On the Tenth Cause of Action (Breach of Contract), economic damages, interest, and costs;

K. On the Eleventh Cause of Action (NYLL Retaliation), lost wages, liquidated damages, emotional distress damages, attorneys' fees, and costs;

L. On the Twelfth Cause of Action (FLSA Retaliation), lost wages, liquidated damages, emotional distress damages, attorneys' fees, and costs;

M. On the Thirteenth Cause of Action (NYLL Spread of Hours), unpaid spread of hours wages, liquidated damages, interest, attorneys' fees, and costs;

N. On the Fourteenth Cause of Action (NYLL Hostile Work Environment), emotional distress damages, economic damages, attorneys' fees, and costs;

O. On the Fifteenth Cause of Action (Intentional Infliction of Emotional Distress), emotional distress damages, punitive damages, attorneys' fees, and costs; and

P. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 18, 2025
New York, New York

Respectfully submitted,

**MIZRAHI KROUB LLP**

By: ______________________
David I. Mizrahi

David I. Mizrahi, Esq.
225 Broadway, 39th Floor
New York, NY 10007
Telephone: (212) 595-6200
dmizrahi@mizrahikroub.com

*Attorneys for Plaintiff*

**VERIFICATION**

BARUCH SCHWARTZ, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

Baruch Schwartz

Baruch Schwartz

Dated: Jun 18, 2025